Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4121 | **DATE** | October 2, 2001 |
| **CASE TITLE** | Savin v. Robinson, Village of Glenco | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendants' motion to dismiss [4-1] is denied. See attached for details. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | OCT 05 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | cm | 9 |
| | Mail AO 450 form. | 01 OCT -4 PM 4:12 | docketing deputy initials | |
| | Copy to _____ | | Oct. 2, 2001 | |
| | | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

01-4121.011-MEV			October 2, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 0 5 2001

| | |
|---|---|
| SUZANNE SAVIN and KURT KARCHMER, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER STANLEY ROBINSON, VILLAGE OF GLENCOE, and UNKNOWN OFFICERS, <br><br> Defendants. | No. 01 C 4121 |

## MEMORANDUM OPINION

Before the court is the motion of Stanley Robinson and the Village of Glencoe to dismiss Counts I, IV, VI, and VII of the plaintiffs' complaint. For the reasons explained below, the motion is denied.

## BACKGROUND

The following facts were drawn from the plaintiff's complaint, which we take as true for the purpose of deciding this motion to dismiss. On May 10, 2001, at approximately 2:00 a.m., police officers ("defendant officers") of the Village of Glencoe ("the Village") entered the plaintiffs' home without a warrant and without probable cause. The defendant officers did not ring the

doorbell or telephone the home prior to forcing entry. The officers proceeded upstairs, where they found plaintiffs Suzanne Savin and Kurt Karchmer sleeping. The plaintiffs were removed from their home, and the house was searched. Neither plaintiff was charged with any wrongdoing.

The plaintiffs filed a seven count complaint against Officer Stanley Robinson, Unknown Officers, and the Village of Glencoe. Plaintiffs sue under 42 U.S.C. § 1983 for the use of unreasonable force (Count I), and for unreasonable search (Count II). They also allege state law claims for unreasonable search (Count III), assault and battery (Count IV), and trespass (Count V). Count VI alleges respondeat superior claims against the Village of Glencoe for the officers' unreasonable search of the home, assault and battery, and trespass. Under Count VII (which is mislabeled "Count IV"), the plaintiffs seek payment from the Village for any judgment entered against its employee officers. See 745 ILCS 10/9-102.

Robinson and the Village move to dismiss Counts I, IV, VI, and VII. The plaintiffs have agreed to withdraw Counts I and IV. Plaintiffs' Response, at 1. With respect to Count VI, the defendants argue that the plaintiffs violated Federal Rule of Civil Procedure 10(b) by including three separate legal claims against the Village in one count. As to Count VII, the defendants argue that a claim for indemnification under 745 ILCS 10/9-102 is improper and premature because the plaintiffs have not yet obtained

a judgment against any employee of the Village.

## ANALYSIS

On a motion to dismiss we accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. <u>Hentosh v. Herman M. Finch Univ. of Health Sciences</u>, 167 F.3d 1170, 1173 (7th Cir. 1999). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Ledford v. Sullivan</u>, 105 F.3d 354, 356 (7th Cir. 1997).

### I. Count VI

Federal Rule of Civil Procedure 10(b) states, in pertinent part, that "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." In keeping with the rule, the courts have required "a separate count for each distinctive statutory and constitutional claim." <u>Casler v. Janus</u>, No. 97 C 5049, 1998 WL 151811 at *1 (N.D. Ill. March 26, 1998) (citing cases). There are two purposes for requiring separate counts: (1) to give fair notice to the defendants of the claims against them, and (2) to enable the court to grant relief on an entire count, not just part of a count. <u>Id.</u>

We agree with the plaintiffs that the defendants are

adequately informed of the claims against them, in that the state law claims referred to in Count VI are set forth specifically in Counts III, IV, and V. However, we can already forsee the problem of parsing the three claims out of Count VI. The plaintiffs have withdrawn the assault and battery claim asserted in Count IV, so we presume that they mean to withdraw that portion of Count VI claiming respondeat superior liability for assault and battery. We believe it would be easier to handle the plaintiffs' distinct claims separately, without having to surmise the plaintiffs' intentions. Moreover, we could find ourselves dismissing another of the state law claims forming the basis of Count VI while retaining the third claim. Therefore, we order the plaintiffs to amend the complaint into a separate count for each distinct claim they wish to allege. See Demes v. ABN Amro Services Co., Inc., No. 01 C 0967, 2001 WL 563813, *2 (N.D. Ill. May 23, 2001) (noting that courts generally order the plaintiff to replead rather than dismiss the complaint for violations of Rule 10(b)).

There is another problem with the complaint that the defendants mention as an aside and which merits comment here. By referring simply to "plaintiff," the complaint often fails to make clear which plaintiff is asserting which claim. Exacerbating the problem, the complaint vacillates at times between the singular and plural of "plaintiff," even within the same count. For example, Count II alleges an unreasonable search of the "plaintiffs' abode"

but the relief is sought only by "plaintiff." The amended complaint should make clear which plaintiff is asserting which claim.

## II. Count VII

In the event the defendant officers are found liable for damages, the plaintiffs seek indemnification by the Village under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, which states in pertinent part:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

745 ILCS 10/9-102. The Village argues that it cannot be sued under this section until liability has been established against its employees. In Wilson v. City of Chicago, 120 F.3d 681, 684-86 (7th Cir.1997), the Seventh Circuit observed that a municipality cannot be made to pay a judgment while the liability of its employee is in question. It does not follow, however, that the plaintiff has to wait until judgment becomes final before he can state a claim under section 9-102. "[T]he plaintiff, in order to expedite the collection of the judgment, could ask the court to enter a judgment against [the municipality] that would take effect when and if a judgment against [its employees] was entered and no longer contestable." Id. at 685. Wilson further observed that there would

be no benefit in requiring the plaintiff to initiate a separate lawsuit to obtain payment. Id.; see also Buttron v. Sheahan, No. 00 C 4451, 2001 WL 111028, *4 (N.D.Ill. Feb. 2, 2001) (noting that such a requirement would consume judicial resources unnecessarily).

The plaintiffs seek payment from the Village under section 9-102 in the event they obtain a judgment against the defendant officers. Wilson expressly allows this type of claim. Wilson, 120 F.3d 685; see also Saffold v. City of Calumet Park, Ill., 47 F.Supp.2d 927, 931 (N.D. Ill. 1999) (noting that plaintiff was within the confines of Wilson where his claim against defendant cities was contingent upon obtaining a judgment against their employees).

The Village argues that Wilson should not apply because this case presents distinct factual circumstances. In Wilson, the City of Chicago declared that it would not pay a judgment obtained against its employee, but here, an action under section 9-102 is premature because the Village has made no declaration that it would refuse to pay a judgment obtained against Robinson.[1] The Village cites Oviedo v. Heavener, No. 96 C 0474, 1997 WL 445933 (N.D. Ill. July 31, 1997), to support its position. But Oviedo, decided just 10 days after Wilson, does not mention Wilson or make any distinction between municipalities that declare they will or will

---

[1] The Village does not state that it *will* pay a judgment entered against Robinson. The Village says nothing about judgments entered against the unknown officer defendants.

not pay a judgment. To dismiss the plaintiff's section 9-102 claim against the City of Joliet, <u>Oviedo</u> simply relied on earlier cases, <u>Rosentreter v. Munding</u>, 736 F. Supp. 165 (N.D. Ill. 1990) and <u>Spiegel v. City of Chicago</u>, 920 F. Supp. 891 (N.D. Ill. 1996), both of which pre-date <u>Wilson</u> and were overruled by <u>Wilson</u>. See <u>Buttron</u>, 2001 WL 111028, *3 ("The Seventh Circuit's decision in <u>Wilson</u> overrules these two cases; Defendant should know this."); see also <u>Cortez v. Defendant Deputy Sheriffs</u>, No. 99 C 2397, 1999 WL 569542, *2 - 3 (N.D.Ill. July 28, 1999) (allowing the plaintiff's section 9-102 claim to go forward and noting that the cases pre-dating <u>Wilson</u> had been called into serious question).

None of the post-<u>Wilson</u> cases discussing section 9-102 suggests that <u>Wilson</u> applies only if the municipal defendant balks at paying any judgment later entered against its employees. See <u>Buttron</u>, 2001 WL 111028 at *3; <u>Saffold</u>, 47 F.Supp.2d at 931; <u>Cortez</u>, 1999 WL 569542 at *2 - 3. If it did, municipal defendants could obtain dismissal of section 9-102 claims simply by remaining silent as to their intentions. The plaintiffs would then be forced to initiate ancillary proceedings to obtain payment later on when the municipality refuses to indemnify. See <u>Wilson</u>, 120 F.3d at 685. We do not believe <u>Wilson</u> can be so easily circumvented.

We deny the Village's motion to dismiss Count VII on the basis that the plaintiffs' claim under section 9-102 is premature.

-8-

## **CONCLUSION**

For the reasons explained above, the defendants' motion to dismiss Counts VI and VII is denied. The defendants' motion to dismiss Counts I and IV is also denied because the plaintiffs have withdrawn those counts. We order the plaintiffs to amend the complaint in the manner described in section I. The amended complaint should be filed by October 24, 2001, and defendants may have until November 14, 2001 to plead.

DATE: October 2, 2001

ENTER: /s/ John F. Grady

The Honorable John F. Grady